**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5103**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

MICHAEL RAY JOHNSON,

                    Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.   Malcolm J. Howard, Senior District Judge.  (2:10-cr-00047-H-1)

Submitted:  July 13, 2012          Decided:  August 3, 2012

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary J. Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant.   Jenifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Ray Johnson appeals his convictions for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924 (2006), and distribution of cocaine, in violation of 21 U.S.C. § 841 (2006), and his 180-month sentence. Johnson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Johnson filed a pro se supplemental brief, arguing that his procedural due process rights were violated because the magistrate judge did not sua sponte order an evaluation of his mental competency and that his counsel was ineffective. The Government declined to file a brief. We affirm.

Because Johnson did not move to withdraw his guilty plea, the Rule 11 plea colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517 (4th Cir. 2002). The magistrate judge* substantially complied with Fed. R. Crim. P. 11 and did not violate Johnson's substantial rights in accepting his plea. We further conclude, after a thorough review of the record, that Johnson's plea was knowing and voluntary. Although Johnson suggests that the magistrate judge

---

* Johnson consented to the jurisdiction of the magistrate judge.

2

should have sua sponte ordered a mental competency evaluation, we reject this contention. The test for mental competence is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (punctuation omitted). "[T]he defendant must establish that the trial court ignored facts raising a 'bona fide doubt' regarding the defendant's competency to stand trial." Walton v. Angelone, 321 F.3d 442, 459 (4th Cir. 2003). We conclude that the magistrate judge did not ignore facts raising a doubt as to Johnson's competency and, further, that Johnson had a reasonable degree of rational understanding of the proceedings.

Johnson's sentence is reviewed for reasonableness, applying the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, this court must decide whether the court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the

3

selected sentence.  Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  If the sentence is free of significant procedural error, this court will review the substantive reasonableness of the sentence.  Lynn, 592 F.3d at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We conclude that the district court's imposition of the mandatory minimum sentence was both procedurally and substantively reasonable.

Johnson suggests that the convictions used to designate him as an armed career criminal do not satisfy the requirements for such designation under 18 U.S.C. § 924(e) (2006).  A defendant is properly designated an armed career criminal if he is subject to an enhanced sentence under 18 U.S.C. § 924(e).  USSG § 4B1.4(a) (2011).  The enhanced sentence applies to a defendant who violates 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The term "serious drug offense" includes a state law offense involving the manufacturing or possessing with intent to manufacture or deliver any controlled substance, so long as the maximum term of imprisonment was at least ten years.  18 U.S.C. § 924(e)(2)(A)(ii).  Johnson's three prior North Carolina drug convictions qualify as "serious drug offenses" under § 924

because, at the time of the convictions, each offense was punishable by a maximum of ten years' imprisonment. Johnson's argument is thus without merit.

Johnson also argues that his counsel was ineffective. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); see also United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.") (internal quotation marks omitted). The record on appeal does not conclusively establish ineffectiveness. We thus do not consider this argument.

In accordance with Anders, we have reviewed the record and found no meritorious issues for appeal. We therefore affirm Johnson's convictions and sentence. This court requires that counsel inform Johnson, in writing, of his right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We

5

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED